UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS H. BURNS,

    Plaintiff,

v.                                   Case No.  8:10-cv-2198-T-17TBM

GTE FEDERAL CREDIT UNION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is again before the court on the *pro se* Plaintiff's filing of an Amended Complaint (Doc. 6); **Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs** (Doc. 7), and **Affidavit of Indigency** (Doc. 8),[1] which the court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2]

---

[1] Plaintiff also filed a "Motion to Review Informa Pauperis Application" (Doc. 10) which appears to be either an untimely challenge to this court's prior report and recommendation or additional information in support of his second application for in forma pauperis status. In any event, the motion is appropriately denied.

[2] In pertinent part, 28 U.S.C. § 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

As a threshold matter, the court must determine whether Plaintiff's Amended Complaint (Doc. 6) is frivolous or fails to state a claim and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.*

Here, Plaintiff sues Defendant, GTE Federal Credit Union, for alleged improper withdrawals and the subsequent closing of accounts wherein Plaintiff initially deposited $20,000 consisting of 2 Certificates of Deposit (CDs) with Defendant. Plaintiff attaches an account statement reflecting withdrawal activity and ultimate closing of the accounts which Plaintiff alleges was not authorized.

2

Even construing Plaintiff's pro se pleading liberally, the Amended Complaint fails to allege a basis for this court's jurisdiction over his claims. Additionally, while the Amended Complaint makes vague and conclusory references to "Defendant's fiduciary responsibility" and alleges "negligence or malfeasance," Plaintiff nevertheless fails to plead the elements of any such causes of action. In sum, Plaintiff fails to set forth a cognizable claim against Defendant over which this court has jurisdiction.

For these reasons, I recommend that the Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 7) be **DENIED**.[3]

Respectfully submitted on this
3rd day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
*Pro se* Plaintiff

---

[3] The court strongly recommends that Plaintiff seek legal counsel. As a starting point, he may wish to contact the Hillsborough County Bar Association at (813) 221-7777, for a possible referral.